[No. 7992-5-II.   Division Two.   October 17, 1986.]

STELLA MEJIA, *Appellant,* v. FELIX R. ERWIN,
ET AL, *Respondents.*

*Hugh M. Robinson,* for appellant.

*Robert A. Keolker* and *Keolker & Swerk,* for respondents.

ALEXANDER, J.—Stella Mejia appeals an order of the Pierce County Superior Court, which granted a summary judgment in favor of Felix Erwin and Lucille Erwin and dismissed Mejia's cause of action against the Erwins.

Mejia argues that the trial court erred in granting summary judgment, contending there were genuine issues of material fact concerning the negligence of Felix Erwin to be resolved by a jury. We affirm the trial court.

At the summary judgment hearing, the court was presented with the following undisputed evidence. On October 30, 1980, Phillip Erwin, age 29, called his father, Felix, and asked him if he could borrow Felix's credit card in order to rent an automobile from Rent–A–Bug while Phillip's car was being repaired. Felix agreed and went with his son to Rent–A–Bug to arrange for the rental. The car was rented in Felix's name, but according to Felix, the Rent–A–Bug agent knew that Phillip was to be the only user of the automobile. The rental agreement indicated that the driver would be Felix's "son."

Approximately 1 week later, Phillip was involved in an accident while driving the rented car. As a result, Phillip was killed and his passenger, Stella Mejia, was injured. Mejia brought an action against Felix and Lucille Erwin, claiming that they were liable for her injuries on a theory of negligent entrustment of the automobile. Felix and Lucille Erwin moved for summary judgment, arguing that Mejia's complaint should be dismissed because they were not neg-

ligent as a matter of law. The motion was granted.

In 1969, when Phillip was a teenager, Phillip had been insured under his parents' Pemco automobile insurance policy. In July of that same year, Pemco terminated Phillip from the Erwins' policy. Pemco's underwriting department advised the Erwins that Phillip was terminated because he had received three speeding violations within a period of 4 months in 1968. Felix Erwin signed an authorization to exclude Phillip from the policy coverage.

A Pemco committee report regarding the termination indicated that Phillip had been involved in two accidents before the 1969 termination. There was no evidence that Felix knew or should have known of this report. Felix Erwin did admit in a deposition, however, that he was aware that his son had an accident in 1968 or 1969 when, according to Felix, Phillip swerved to avoid hitting a dog and collided with a mailbox. When asked in the same deposition whether he thought Phillip's driving record had improved as Phillip became older, Felix responded: "I always thought he was an excellent driver. I couldn't notice any improvement or downgrading of his driving."

Phillip became insured with Pemco again in 1975 under his own policy and remained insured with that company until 1980. During that period of time Phillip was not living with his parents and was entirely self–supporting. Pemco paid several claims in 1975 and 1976 for Phillip's accidents. An abstract of Phillip's driving record with the Washington State Department of Licensing revealed that Phillip received five traffic citations for speeding and one for disobeying a road sign between 1971 and 1978. The Department record also disclosed that Phillip was involved in four accidents from 1976 to 1980. No evidence was presented that Phillip's father knew of any of Phillip's infractions or accidents after 1969. Felix claimed that he had no knowledge "of any facts" about his son from which it could be claimed that he negligently entrusted a car to Phillip.

The issue in the case is whether, in light of these facts, the Superior Court erred in granting summary judgment. A summary judgment may be granted only when there is no genuine issue of material fact before the court and the moving party is entitled to a judgment as a matter of law. *Olympic Fish Prods., Inc. v. Lloyd,* 93 Wn.2d 596, 602, 611 P.2d 737 (1980). "[A]n appellate court is required, as [is] the trial court, to review material submitted for and against a motion for summary judgment in the light most favorable to the party against whom the motion is made." *Morris v. McNicol,* 83 Wn.2d 491, 495, 519 P.2d 7 (1974).

After viewing the undisputed evidence presented to the Superior Court, we are left with the opinion that it was correct in concluding, as a matter of law, that summary judgment should be granted. We reach that conclusion because the undisputed facts show that (1) Felix did not entrust a vehicle to Phillip in 1980, and (2) Felix was not negligent in any way.

## I
### ENTRUSTMENT OF THE VEHICLE

Although no Washington case is directly on point, reason would suggest that a person renting or leasing a car could negligently entrust it to another. A person may be in control of a vehicle, for purposes of negligent entrustment, even though the person does not own a vehicle. *Cameron v. Downs,* 32 Wn. App. 875, 877, 650 P.2d 260 (1982). In *Cameron,* the court held that the trial court improperly dismissed an action against a woman who had entrusted her father's vehicle to her intoxicated brother. *Cameron,* 32 Wn. App. at 879.

However, even viewing the evidence here most favorably to Mejia, there are no facts showing that Felix *entrusted* a vehicle to Phillip. The facts reveal, rather, that Felix was simply lending his credit to Phillip to assist him in renting a replacement automobile. The fact that the automobile was rented in Felix's name does not alter the true nature of this transaction—a mere accommodation.

## II
### NEGLIGENCE OF FELIX

Even if the transaction here could have been considered entrustment of an automobile, we agree with the trial court's conclusion that no genuine issue of material fact exists concerning the negligence of Felix. A person entrusting a vehicle to another may be liable under a theory of negligent entrustment only if that person knew, or should have known in the exercise of ordinary care, that the person to whom the vehicle was entrusted is reckless, heedless, or incompetent. *Cameron v. Downs, supra.*

Ordinarily issues of negligence are not susceptible to summary adjudication. *LaPlante v. State,* 85 Wn.2d 154, 531 P.2d 299 (1975). We also recognize that there is evidence which, when viewed most favorably to Mejia, would suggest that Phillip was a careless driver after 1969. However, there is no evidence from which one could conclude that Felix had personal knowledge that between 1969 and 1980 his son's driving was not satisfactory, much less "reckless, heedless, or incompetent". Neither can it be said that he should have known of it, because Phillip was emancipated and not living in his parents' home at the time he received the traffic citations and was involved in the accidents in the 1970's. It is not reasonable to expect a parent of an emancipated child to be intimately acquainted with all aspects of his grown child's personal life.

■■ Mejia concedes that there is no showing that Phillip's father knew of Phillip's shortcomings as a driver after 1969. She argues, however, that Felix was aware of his son's accidents in 1968 and 1969, and of Phillip's three traffic citations in that same year. The fact that 11 or more years intervened between the acquisition of that knowledge and the accident of 1980, does not, she argues, eliminate the existence of a fact question about Felix's negligence in entrusting the automobile to Phillip. Mejia cites *Giers v. Anten,* 68 Ill. App. 3d 535, 386 N.E.2d 82 (1978) in support of the proposition that an intervening period of years is not sufficient to preclude liability for negligent entrustment as

a matter of law, but rather is a factor that may be considered by the jury in determining negligence.

We note that in *Giers,* the intervening period was a mere 3 years and was not a period in excess of a decade that we have here. Furthermore, in this case, unlike *Giers,* Phillip's citations that were known to Felix were all received when Phillip was a teenager. Life experience suggests that in many cases persons become more prudent in their driving habits as they leave their late adolescent years and enter adulthood. This, of course, is not true in every case. Yet as we have noted in this case, Mejia did not present any evidence that Felix knew otherwise. Although the reasonableness of Felix's actions are to be judged by a reasonable person standard, it is worth noting that Felix thought his son was an excellent driver, notwithstanding the fact that Phillip received three tickets as a young man and had been involved in an accident. The record discloses no information transmitted to Felix that should have disabused him of that notion.

We recognize that ordinarily the existence of negligence is a jury question. However, if it can be said as a matter of law that reasonable persons could reach but one conclusion, after considering all of the evidence and the reasonable inferences therefrom most favorably to the nonmovant, summary judgment should be granted. *See Morris v. McNicol, supra.* This is such a case. After some period of time, knowledge of an entrustee's previous reckless acts should have little bearing on the entrustor's present perception of the entrustee's competence to drive at the time of the entrustment. We agree with the sentiments expressed in *Curley v. General Valet Serv., Inc.,* 270 Md. 248, 267, 311 A.2d 231, 241 (1973), where the court emphasized that the theory of negligent entrustment is based on foreseeability:

> We recognize that the entrustor is only responsible for the subsequent negligent acts of the entrustee if a reasonable man could have foreseen the negligent acts; and that when the foreseeability of harm stems from past

conduct, it must be conduct *so repetitive* as to make its recurrence foreseeable.

(Italics ours.)

In our judgment, reasonable persons could only conclude that Felix was not negligent in 1980 when he participated in this transaction that permitted his son to obtain a rental car. As a matter of law, Phillip's citations and accident 11 years before the date of the alleged entrustment were too remote in time to permit the question of Felix's alleged negligence to go to the jury.

We affirm the trial court.

WORSWICK, C.J., and REED, J., concur.