242 P.3d 27 (2010)
Deborah L. KAYE, Appellant,
v.
LOWE'S HIW, INC., City Of Seattle, and Jacques P. Cote, Defendants, and
Christopher L. Templeton, and Templeton Construction Services, Inc., Respondents.
No. 63714-2-I.
Court of Appeals of Washington, Division 1.
November 1, 2010.
*29 Catherine C. Clark, Melody Staubitz, The Law Office of Catherine C. Clark PLLC, Jeffery Michael Campiche, Campiche Blue & Le, PLLC, Seattle, WA, for Appellant.
Jacques P. Cote, Seattle, WA, pro se.
Christopher L. Templeton, Templeton Construction Services, Seattle, WA, pro se.
DWYER, C.J.
¶ 1 Where the facts alleged by a nondefaulting party are insufficient to support a claim, the trial court does not err by declining to enter a default judgment. Because the plaintiff herein failed to set forth facts sufficient to support her claims of negligent entrustment and respondeat superior liability, the trial court properly denied her request for entry of a default judgment on those claims. Accordingly, we affirm.

I
¶ 2 In May 2006,[1] a pickup truck driven by Jacques Cote struck pedestrian Deborah Kaye in a Lowe's parking lot, resulting in serious injuries to Kaye. Jan Van Ysslestyne, referred to by Kaye as her domestic partner, witnessed the collision. Seeking to recover for her injuries, Kaye filed suit against Lowe's HIW, Inc., the City of Seattle, Cote, Christopher Templeton, and Templeton Construction Services (TCS).[2]
¶ 3 Kaye's complaint asserts that Templeton and TCS are liable for her injuries resulting from Cote's negligence pursuant to theories of negligent entrustment and respondeat superior liability. The complaint alleges that Templeton and TCS were negligent in entrusting the vehicle to Cote. It further alleges that"[a]t all times relevant hereto"Cote was an agent of Templeton and TCS who was "acting within the scope of authority of the agency" and for the benefit of Templeton and TCS.
¶ 4 Despite proper service of process, Cote did not appear or answer Kaye's complaint. Templeton and TCS retained counsel and timely filed an answer. Templeton and TCS then moved for summary judgmenta motion they later withdrew. Subsequently, counsel for Templeton and TCS withdrew their representation. Templeton and TCS did not retain new counsel and ceased responding to motions or participating in the litigation.
¶ 5 Anticipating that Cote, Templeton, and TCS would fail to appear at the scheduled trial, Kaye filed a motion for default, noted for the trial date. Cote, Templeton, and TCS did indeed fail to appear for trial. On the trial date, the trial court granted Kaye's motion for an order of default and then heard testimony from Kaye and Van Ysslestyne regarding damages. The trial court admitted into evidence exhibits prepared by Kaye in support of her proposed findings of fact.[3]
*30 ¶ 6 Two days after entering the order of default against Cote, Templeton, and TCS, the trial court entered a judgment accompanied by findings of fact and conclusions of law in which Cote alone was found liable for Kaye's damages. The trial court found that there was no evidence that Templeton knew or believed that Cote was an incompetent driver at the time of the collision. It also found that there was insufficient evidence to establish that Templeton should have been on notice that Cote was a dangerous driver. The trial court further found that there was no direct evidence that Cote worked for Templeton on the day of the collision. Accordingly, the trial court did not enter a default judgment against Templeton or TCS.
¶ 7 Kaye appeals.[4]

II
¶ 8 Whether the trial court erred by not entering a default judgment against Templeton and TCS is governed by the provisions of Civil Rule (CR) 55. We review de novo the interpretation of a court rule. Nevers v. Fireside, Inc., 133 Wash.2d 804, 809, 947 P.2d 721 (1997). Court rules are interpreted as though they were drafted by the legislature; thus, we "construe them in accord with their purpose." Nevers, 133 Wash.2d at 809, 947 P.2d 721.

III
¶ 9 Kaye contends that the trial court lacked the authority to evaluate Templeton's and TCS's liability subsequent to entering an order of default against them. She asserts that, once the order of default was entered, Templeton and TCS had admitted liability as a matter of law and, therefore, the trial court was required to enter a default judgment against them. We disagree.
¶ 10 Civil Rule 55 allows a party to bring a motion for default when the "party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend as provided by these rules." CR 55(a)(1). Once an order of default is entered, "[t]he defaulting party will be deemed to have admitted all the allegations of the plaintiff's complaint as to liability." 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 55 author's cmts. at 334 (5th ed.2006).[5]
¶ 11 However, the plaintiff is not automatically entitled to a default judgment simply because the defendant in default has effectively admitted the plaintiff's allegations. "[A] default is not `an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' but is instead merely `an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability.'" Capitol Records v. Rita Carmichael, 508 F.Supp.2d 1079, 1083 (S.D.Ala.2007) (quoting Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F.Supp.2d 1353, 1357 (S.D.Ga. 2004)). Moreover, the defaulting party admits only factual allegations, not conclusions of law. Kelley v. Carr, 567 F.Supp. 831, 840 (W.D.Mich.1983). Thus, "even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Kelley, 567 F.Supp. at 840 (quoting 10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2688 pp. 447-448).
¶ 12 Furthermore, the trial court is not deprived of its authority to exercise discretion simply because the defendant in default is precluded from contesting liability. "Whether or not a default will be granted in any given case, is within the court's discretion and dependent upon the circumstances." Graham v. Yakima Stock Brokers, Inc., 192 Wash. 121, 126, 72 P.2d 1041 (1937).
¶ 13 Civil Rule 55(b)which delineates the procedures for obtaining a default judgment *31 contemplates such discretion.[6] The precatory language in the opening clause of CR 55(b) states that "judgment after default may be entered as follows." (Emphasis added.) The rule then provides different procedures for obtaining a default judgment, dependent upon how damages are pleaded in the complaint. Where the complaint pleads "a sum certain or ... a sum which can by computation be made certain," the trial court "shall enter judgment for that amount." CR 55(b)(1). If, on the other hand, the amount of damages is uncertain, the trial court has the discretion to hold hearings "to enable the court to enter judgment or to carry it into effect." CR 55(b)(2). Regardless of how damages are pleaded, however, the opening clause of CR 55(b) provides for judicial discretion in entering a default judgment.
¶ 14 Indeed, interpreting CR 55(b) such that the trial court is denied this discretion would mandate absurd results. If, as Kaye contends, a trial court is obligated to enter a default judgment by virtue of the entry of an order of default, that court would be required to enter judgment even where it lacked subject matter jurisdiction or where the party seeking judgment had failed to plead a legally cognizable cause of action. We will not assume that our Supreme Court intended to mandate such absurd results.[7]See State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003) ("[I]n construing a statute, `a reading that results in absurd results must be avoided because it will not be presumed that the legislature intended absurd results.'" (quoting State v. Delgado, 148 Wash.2d 723, 733, 63 P.3d 792 (2003))).[8]
¶ 15 This interpretation of our default judgment rule is consistent with federal case law interpreting Federal Rule of Civil Procedure (FRCP) 55(b),[9] a rule similar to Washington's *32 CR 55(b). Federal courts have explicitly held that entry of a default judgment is both improper where the trial court lacks jurisdiction and where the party seeking default fails to properly state a claim upon which relief can be granted. See, e.g., Elektra Entm't Group, Inc. v. Carter, 618 F.Supp.2d 89, 92-93 (D.Me.2009) (assessing personal jurisdiction, subject matter jurisdiction, and sufficiency of the complaint to establish liability prior to entering a default judgment); Capitol Records, 508 F.Supp.2d at 1083 ("`a default judgment cannot stand on a complaint that fails to state a claim'" (quoting Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir.1997))). Furthermore, federal courts consider numerous factors in exercising their discretion to enter a default judgment, including the sufficiency of the complaint. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986). Because reading Washington's CR 55(b) to mandate entry of default judgments in all circumstances would produce occasional absurd results, Washington trial courts must have discretion pursuant to CR 55(b) similar to that exercised by the federal courts pursuant to FRCP 55(b).
¶ 16 Reading CR 55(b) as providing judicial discretion in determining whether to enter a default judgment is also consistent with prior Washington case law. In one such case, the appellate court affirmed the trial court's vacation of a default judgment where the plaintiff failed to set forth facts sufficient to support her claim. Caouette v. Martinez, 71 Wash.App. 69, 78, 856 P.2d 725 (1993). As in this case, the claim at issue in Caouette was negligent entrustment of a vehicle. To establish a negligent entrustment claim, the plaintiff must show that the vehicle owner "knew, or should have known in the exercise of ordinary care, that the person to whom the vehicle was entrusted is reckless, heedless, or incompetent." Mejia v. Erwin, 45 Wash.App. 700, 704, 726 P.2d 1032 (1986). Because the plaintiff's affidavit in support of the judgment failed to provide facts regarding ownership of the vehicle, the trial court "simply had no evidence to support a finding of negligent entrustment" and, thus, entry of judgment was not warranted. Caouette, 71 Wash.App. at 78-79, 856 P.2d 725. The court held that the plaintiff could not simply "rely on the unanswered allegations of negligent entrustment that were set forth in her complaint." Caouette, 71 Wash.App. at 79, 856 P.2d 725. Because the default judgment was "based upon incomplete, incorrect or conclusory factual information," vacation of the judgment was proper. Caouette, 71 Wash.App. at 78, 856 P.2d 725.
¶ 17 Although Caouette involved an appeal from a motion to vacate a default judgmentand this case involves an appeal from the denial of a request to enter a default judgmentit remains true that a "party seeking a default judgment [must] set forth facts supporting, at a minimum, each element of the claim." Friebe v. Supancheck, 98 Wash.App. 260, 268, 992 P.2d 1014 (1999). A default judgment that would inevitably be vacated if challenged should not be entered. Elektra, 618 F.Supp.2d at 92. Thus, prior to entering a default judgment, the trial court must assess both its jurisdiction and the sufficiency of the complaint. Elektra, 618 F.Supp.2d at 92; see, e.g., Capitol Records, 508 F.Supp.2d at 1083-84; Peerless Indus., Inc. v. Herrin Illinois Cafe, Inc., 593 F.Supp. 1339, 1340 (E.D.Mo.1984).
¶ 18 We note that, in another case, the trial court refused to enter a default judgment because it believed that the defamation claim at issue was subject to a claim of absolute governmental privilege. J-U-B Eng'rs, Inc. v. Routsen, 69 Wash.App. 148, 150, 848 P.2d 733 (1993). The trial court concluded that it could not "grant a judgment, even by default, when it clearly has no merit." J-U-B Eng'rs, 69 Wash.App. at 150, 848 P.2d 733 (internal quotation marks omitted). The appellate court reversed, holding that the trial court erred by effectively sua sponte interposing a defense for the defendant in default, which the defendant himself, not the trial *33 court, should have raised. J-U-B Eng'rs, 69 Wash.App. at 150, 848 P.2d 733.
¶ 19 However, interposing a defense for the defendant in default is different than determining that the plaintiff has failed to plead or otherwise prove facts sufficient to support his or her claim. The former involves the improper intervention of the court on behalf of the defendant in default, while the latter is the duty of the trial court. Whether proceeding pursuant to a motion for default or on a fully litigated motion, the trial court must analyze whether the facts support the plaintiff's claims for relief. Accord Rivera v. Laporte, 120 Misc.2d 733, 735, 466 N.Y.S.2d 606 (N.Y.Sup.1983) ("The court's responsibility to assure that justice is done is not qualitatively different on a default than it is on a fully litigated motion. Thus, if proof is absent, insufficient or untrustworthy, if proper procedure has not been followed, or service not made, or notice not timely given, where a valid cause of action is not stated, or if jurisdiction is absent, the moving party cannot presume entitlement to the requested relief, even on default.").
¶ 20 The trial court herein did not improperly interpose a defense for Templeton and TCS. Rather, it found, as in Caouette, that there was no factual basis on which to find Templeton or TCS liable pursuant to theories of negligent entrustment or respondeat superior liability. The trial court is not compelled to enter a default judgment where the facts alleged are insufficient to support the plaintiff's claim.

IV
¶ 21 We now turn to the question of whether the trial court erred by concluding that Kaye's factual allegations are insufficient to support her claims against Templeton and TCS. Kaye contends that the trial court's finding of no liability is not supported by her factual allegations, which are undisputed by virtue of the default. We disagree.
¶ 22 We review for substantial evidence a trial court's findings of fact. Ridgeview Props. v. Starbuck, 96 Wash.2d 716, 719, 638 P.2d 1231 (1982). However, the trial court herein did not base its decision upon affirmative findings of fact. Rather, the trial court concluded that Kaye's factual allegations were insufficient to support her claims. Because this is a conclusion of law, we review de novo the trial court's decision. Gormley v. Robertson, 120 Wash.App. 31, 36, 83 P.3d 1042 (2004) ("findings of fact are entitled to deference while conclusions of law are reviewed de novo").
¶ 23 Because Kaye has not provided us with the exhibits presented to the trial court, we cannot review that evidence. Generally, in such a circumstance, our review would be limited to a review of the findings of fact.[10]See Happy Bunch, LLC v. Grandview N., LLC, 142 Wash.App. 81, 90, 173 P.3d 959 (2007), review denied, 164 Wash.2d 1009, 195 P.3d 87 (2008). However, because an order of default was entered, the factual allegations in Kaye's complaintwhich are deemed admitted by the defendants in defaultcould also support a judgment in favor of Kaye. Thus, we will also review Kaye's complaint to determine whether she pleaded facts sufficient to support her claims against Templeton and TCS.
¶ 24 Kaye first contends that the trial court erred in finding Templeton not liable for negligent entrustment based on the facts alleged. To establish an actionable claim for negligence, a plaintiff must show that (1) the defendant had a duty to conform to a particular standard of conduct; (2) the defendant breached that duty; (3) the plaintiff suffered an injury; and (4) the defendant's conduct was the proximate cause of the injury. Parrilla v. King County, 138 Wash.App. 427, 432, 157 P.3d 879 (2007). In a negligent entrustment claim, the defendant's *34 duty is established if the defendant, as a vehicle owner, entrusted the vehicle to another where the defendant "knew, or should have known in the exercise of ordinary care, that the person to whom the vehicle was entrusted is reckless, heedless, or incompetent." Mejia, 45 Wash.App. at 704, 726 P.2d 1032. Thus, to establish liability for negligent entrustment, the plaintiff must show that the defendant knewor, in the exercise of ordinary care, should have knownof the danger of relinquishing control of the vehicle. See Parrilla, 138 Wash. App. at 441, 157 P.3d 879.
¶ 25 Furthermore, the theory of negligent entrustment is based on foreseeability the entrustor of a vehicle is liable only if a reasonable person could have foreseen the negligent acts of the entrustee. Mejia, 45 Wash.App. at 705-06, 726 P.2d 1032. Thus, "`when the foreseeability of harm stems from past conduct, it must be conduct so repetitive as to make its recurrence foreseeable.'" Mejia, 45 Wash.App. at 705-06, 726 P.2d 1032 (quoting Curley v. Gen. Valet Serv., Inc., 270 Md. 248, 267, 311 A.2d 231, 241 (1973)).
¶ 26 The findings of fact entered by the trial court state that Templeton knew about "Cote's extensive history of problems with authority" and "disregard for the law, the rules of society and for others." They include findings that Templeton believed Cote "maintained a position of paranoia [about]... authority" and was mentally unstable. (Alteration in original.) The findings further state that Templeton was aware that Cote "operates `off the grid'" and has used drugs. Despite these findings, the trial court did not err by concluding that there was no evidence that Templeton knew Cote was an incompetent driver or should have been on notice that Cote posed a danger. The findings are insufficient to support the conclusion that Templeton "knew, or should have known in the exercise of ordinary care, that [Cote] is reckless, heedless, or incompetent." Mejia, 45 Wash.App. at 704, 726 P.2d 1032.
¶ 27 Furthermore, although the factual allegations in Kaye's complaint are deemed admitted by virtue of the entry of the order of default, Kaye did not plead facts regarding whether Templeton knew, or should have known, about Cote's alleged recklessness. Kaye's allegation that Templeton owned the truck is deemed admitted; however, this alone is insufficient to establish a claim of negligent entrustment. Although her complaint further alleged that Templeton and TCS were negligent in their entrustment of the vehicle to Cote, this allegationwhich is not a factual allegation, but rather is a legal conclusionis not deemed admitted by the defendants in default. Kelley, 567 F.Supp. at 840. Thus, based on the limited evidence before us, we hold that Kaye failed to plead or otherwise prove that either Templeton or TCS was negligent in entrusting the truck to Cote.
¶ 28 The trial court did not err by concluding that Kaye offered insufficient evidence to support her negligent entrustment claim.

V
¶ 29 Kaye similarly contends that the trial court erred by finding that Templeton and TCS were not liable under a theory of respondeat superior liability. We disagree.
¶ 30 Pursuant to the doctrine of respondeat superior, an employer may be vicariously liable for the negligence of its employee where the employee was acting within the scope of employment at the time of the incident. Breedlove v. Stout, 104 Wash.App. 67, 69, 14 P.3d 897 (2001). Washington's "going and coming" doctrine provides that an employee is not, under ordinary circumstances, acting within the scope of employment when travelling to or from work, thus protecting employers from vicarious liability in such circumstances. Breedlove, 104 Wash.App. at 69, 14 P.3d 897.
¶ 31 Although Kaye's complaint alleged that Cote was an agent of Templeton and TCS acting within the scope of such agency at the time of the collision, this is a legal conclusion and, thus, is not admitted by virtue of entry of the order of default. Kelley, 567 F.Supp. at 840. Kaye alleged no facts in her complaint sufficient to state a claim of respondeat superior liability.
¶ 32 Furthermore, the findings of factto which our review is limited because Kaye did not provide us with the default hearing exhibitsdo not establish that Cote *35 was working for Templeton or TCS on the date of the collision. The findings state that Van Ysslestyne "observed construction and landscaping tools in the bed of the Truck just after the collision." They also include findings that Cote had worked for Templeton and TCS on various landscaping projects. These findings are insufficient to establish both an agency relationship and that Cote was acting within the authority of such a relationship at the time of the collision.[11] Consequently, Kaye has provided "no factual basis upon which the trial court could have determined" that the parties in default were vicariously liable for Cote's negligence. Caouette, 71 Wash.App. at 78, 856 P.2d 725.
¶ 33 The trial court did not err by concluding that Kaye failed to allege facts sufficient to support her claim of respondeat superior liability.

VI
¶ 34 Given that reading CR 55(b) to preclude judicial discretion in entering default judgments would mandate absurd results, we hold that a trial court is not compelled by the entry of an order of default to subsequently enter a default judgment. Based on the limited evidence before us, we hold that the trial court correctly found that Kaye failed to plead or otherwise prove facts sufficient to support her negligent entrustment and respondeat superior claims. Thus, even though the defendants in default are deemed to have admitted Kaye's factual allegations, the trial court did not err by refusing to enter a default judgment against Templeton and TCS.
¶ 35 Affirmed.
We concur: LEACH, A.C.J., and COX, J.
NOTES
[1] The trial court's findings of fact refer to the date of the collision as May 5, 2007. However, both the complaint and the police report state the date of the collision as May 5, 2006.
[2] All claims against Lowe's were dismissed without prejudice. The disposition of the claims against the City of Seattle is unclear from the record on appeal, but the City is not a party to this appeal.
[3] Although Kaye has provided us with a list of the exhibits presented to the trial court, she has not provided us with the exhibits.
[4] No party challenges Kaye's right to appeal from a decision not to enter a default judgment where that decision does not affirmatively dismiss the plaintiff's claims. As the issue was not raised, we express no opinion on the appealability of such an order. See RAP 2.2(a)(3).
[5] The party in default can seek to vacate the order of default pursuant to CR 55(c). Where the trial court vacates the order of default, the party formerly in default is no longer deemed to have admitted the opposing party's allegations. Here, the defendants in default did not move to vacate the order of default.
[6] CR 55(b) provides:

(b) Entry of Default Judgment. As limited in rule 54(c), judgment after default may be entered as follows, if proof of service is on file as required by subsection (b)(4):
(1) When Amount Certain. When the claim against a party, whose default has been entered under section (a), is for a sum certain or for a sum which can by computation be made certain, the court upon motion and affidavit of the amount due shall enter judgment for that amount and costs against the party in default, if he is not an infant or incompetent person. No judgment by default shall be entered against an infant or incompetent person unless represented by a general guardian or guardian ad litem. Findings of fact and conclusions of law are not necessary under this subsection even though reasonable attorney fees are requested and allowed.
(2) When Amount Uncertain. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as are deemed necessary or, when required by statute, shall have such matters resolved by a jury. Findings of fact and conclusions of law are required under this subsection.
[7] Our Supreme Court clearly contemplated the inappropriateness of mandating that a trial court enter a default judgment where it lacks the authority to do so. The purpose of CR 55(b)(4) which precludes entry of a default judgment "unless proof of service is on file with the court"is to ensure that the trial court has personal jurisdiction over the party in default prior to entering a default judgment.
[8] Because court rules are interpreted as if they were drafted by the legislature, Nevers, 133 Wash.2d at 809, 947 P.2d 721, court rules similarly must not be read such that they produce absurd results. Just as we will not presume that the legislature intended absurd results, we will not presume that our Supreme Court intended such results.
[9] FRCP 55(b) provides:

(b) Entering a Default Judgment.
(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerkon the plaintiff's request, with an affidavit showing the amount duemust enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referralspreserving any federal statutory right to a jury trialwhen, to enter or effectuate judgment, it needs to:
(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.
[10] Kaye did provide us with copies of earlier submissions to the trial court, which likely include some of the same evidence as that submitted to the trial court as exhibits. When the challenge is to the sufficiency of the evidence, however, a complete record must be provided. We will not review an incomplete record in resolving such a claim. To do so would be especially problematic here, where the trial court explicitly stated that it would "refer to the exhibits, and the trial brief for argument" in making its judgmentindicating that the court's decision would be based on the evidence at the hearing alone, not on the prior submissions to the court.
[11] Kaye contends that an exception to the "going and coming" rule applies in this case. To support this contention, she cites Aloha Lumber Corp. v. Department of Labor & Industries, 77 Wash.2d 763, 766, 466 P.2d 151 (1970), which holds that "a workman is in the course of his employment while going to or from work in a vehicle furnished by his employer as an incident to his employment pursuant to custom or contractual obligation, either express or implied." Because Aloha Lumber is a worker's compensation casenot a respondeat superior caseit is inapposite. Moreover, the evidence nonetheless fails to support Kaye's respondeat superior claim because she fails to provide facts sufficient to establish the predicate fact that Cote was an employee of Templeton or TCS on the date in question.