# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TSANG WONG LIM d/b/a TSANG WONG LIM & ASSOCIATES, | ) ) ) | NO. 70726-4-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| GRACE YIM YEE SIOU AND STEVIE YANG HENG SIOU, husband and wife and the marital community composed thereof, | ) ) ) ) ) | |
| | ) | UNPUBLISHED OPINION |
| Appellants. | ) ) ) | FILED: September 28, 2015 |

LAU, J. — Grace Yim Yee Siou appeals the default judgment entered against her as a sanction for discovery violations. Because she fails to establish any abuse of discretion in the trial court's rulings, we affirm.

## FACTS

In March 2012, Tsang Wong Lim sued Grace Yim Yee Siou for damages based on alleged fraud, intentional misrepresentation, fraudulent omissions, and conversion during the course of Siou's employment as an administrative

assistant in Lim's insurance business. Siou appeared through counsel and filed an answer responding to Lim's complaint and asserting affirmative defenses.

In September 2012, the trial court granted Lim's motion to compel Siou to respond to interrogatories, but denied Lim's request for an award of expenses based on a finding of "legitimate confusion between the parties" as to an agreement on an extension of time. Clerk's Papers (CP) at 41-42. In November 2012, the court granted Lim's second motion to compel Siou to provide "full" responses to the same interrogatories, and ordered her to pay Lim "$2033.75 for costs/fees for having to file this discovery motion." CP at 116-17. In January 2013, the trial court again ordered Siou to provide full responses to the interrogatories and to pay a sanction of $1796.25 within 10 days for "willfully and intentionally failing to follow the court's order . . . to answer interrogatories." CP at 204-05

In March 2013, the court denied Lim's motion for a default judgment and sanctions for Siou's violation of discovery orders. However, the court 1) directed Siou to provide complete interrogatory responses within 5 court days; 2) overruled all her prior objections to Lim's discovery requests; and 3) ordered Siou to pay all fees and costs previously ordered within 5 court days. In May 2013, Lim again requested sanctions and a default judgment for Siou's violation of discovery orders and her failure to appear at a deposition.

On June 7, 2013, the trial court granted Lim's motion for a default based on Siou's violations of discovery orders.[1] The court included written findings describing the prior orders and reciting the following additional facts: Siou filed supplemental responses in April "which a) reasserted her overruled objections [and] b) again were incomplete and unresponsive on the same key inquiries;" did not pay previously ordered sanctions; provided "evasive," "argumentative," and "demonstrably inaccurate" responses to requests for admission in May; failed to appear at a deposition; and made "frivolous and completely unfounded allegations" against Lim's counsel and provided what appeared to the court to be "fabricated alleged letters" to support her "false claims" and "accusations" against counsel. Based on these facts, as well as the August 5 trial date and the summary judgment motion scheduled for July 19, the court concluded:

> [T]here is no lesser discovery sanctions than the default order the plaintiff has again requested which would suffice in this case. Ms. Siou has willfully and deliberately violated not one, but four discovery orders. She has, for nearly a year now, willfully and deliberately refused to answer interrogatories on issues central to this case. She has not been deterred by sanction orders – she simply has ignored them. (She has not, it appears, ever made any payment on sanctions ordered to date.) She has willfully and deliberately failed to appear for her deposition.
>
> It is impossible to see how plaintiff can prepare for trial against Ms. Siou, given her ongoing refusal to provide essential discovery and her deliberate failure to attend her deposition. Barely two months remain before the trial date and she has steadfastly denied critical discovery to plaintiff, undeterred by any other order or sanction this

---

[1] Although Siou attached a copy of each order she challenges to her notice of appeal, the parties did not designate two of the orders for the record on appeal. Because neither party appears to object to our considering the copies of the order granting default and the order denying reconsideration attached to the notice of appeal, and because they are the only copies before this court, we refer to those copies.

court can impose. At this point, the prejudice to plaintiff simply cannot be remedied by any lesser sanction.

Order Granting Default at 4.

On July 1, 2013, the trial court entered judgment against Siou for $69,850.48. On July 24, the court denied Siou's motion for reconsideration as untimely.[2]

Siou appeals.

## DISCUSSION

We review a trial court's ruling on sanctions for discovery violations for abuse of discretion. Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 684, 41 P.3d 1175 (2002) (trial court has broad discretion in choice of sanctions for discovery order violation). A trial court abuses its discretion only if its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Washington's civil rules permit broad discovery. Magaña v. Hyundai Motor America, 167 Wn.2d 570, 584, 220 P.3d 191 (2009). Parties may not simply ignore or fail to respond to discovery requests—they must answer, object, or seek a protective order. CR 37(d);[3] Magaña, 167 Wn.2d at 583. "Trial courts need not tolerate deliberate and willful discovery abuse." Magaña, 167 Wn.2d at

---

[2] Although Siou assigns error to the trial court's order denying reconsideration, she offers no separate argument in support of her assignment. We therefore do not address it. See RAP 10.3(a)(4), (6).

[3] "The failure to act described in this subsection may not be excused on the ground that discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by rule 26(c)." CR 37(d)(3).

576. If a party fails to comply with a motion to compel discovery, trial courts may impose sanctions under CR 37.

Before imposing "one of the harsher remedies" under CR 37,[4] the trial court must explicitly consider on the record whether (1) the refusal to obey the discovery order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) a lesser sanction would have sufficed. Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997) (quoting Snedigar v. Hodderson, 53 Wn. App. 476, 487, 768 P.2d 1 (1989)); Magaña, 167 Wn.2d at 584; Rivers, 145 Wn.2d at 686. The trial court's reasoning with respect to each factor must be clearly stated for meaningful review. Rivers, 145 Wn.2d at 686. We review challenged findings of fact for substantial evidence, which is evidence "sufficient to persuade a rational, fair-minded person of the truth of the finding." In re Estate of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). We generally will not consider claims unsupported by citation to authority, references to the record, or meaningful analysis. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989).

---

[4] When a party fails to comply with a court order, CR 37(b)(2)(C) authorizes the trial court to impose sanctions, including default judgment:
> "[T]he court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> ....
>
> "(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party."

Willful or Deliberate

Without assigning error to the trial court's findings of fact and without citation to authority, Siou argues that her discovery violations "do not merit a default judgment" because she "was hampered in compliance" by her family responsibilities, financial troubles, criminal record, inability to obtain counsel, and language barrier. Br. of Appellant at 17. But the record reveals that Siou was represented by counsel when the trial court entered the first two orders directing full responses to interrogatories and imposing the first monetary sanction.[5]

Siou also claims that when Lim "noted [her] deposition without consultation and on short notice," she communicated in "good faith" through her attorney, "informing Lim's counsel that she could not make that deposition time." Br. of Appellant at 18. Siou claims that her failure to appear was based on her understanding that the deposition would be rescheduled, rather than bad faith. But the trial court specifically rejected Siou's claims regarding the scheduling of the deposition as apparently "false." Order Granting Default at 4. We do not review credibility determinations. State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

The trial court found that Siou failed to comply with four discovery orders, refused to fully answer interrogatories before and after the court overruled her objections, provided evasive and inaccurate responses to requests for admission, failed to appear for her deposition, made false allegations against Lim's counsel regarding discovery, and failed to pay previously imposed sanctions. It is

---

[5] The attorney who initially appeared for Siou and filed her answer withdrew from the case in December 2012.

undisputed that by the time the court granted the default judgment, Siou had never (1) complied with the court's discovery orders, (2) submitted to her deposition, or (3) obtained a protective order. The record clearly supports the trial court's conclusion that Siou willfully and deliberately refused to submit to her deposition or comply with discovery orders intended to compel compliance.

Prejudice

Relying on affirmative defenses asserted in her answer, including standing and the statute of limitations, Siou argues that her failure to fully respond to discovery could not have prejudiced Lim's ability to prepare for trial because Lim was already in possession of all evidence relevant to her single viable claim regarding commissions Lim shared with Siou during her employment. But Siou did not seek or obtain a ruling on her affirmative defenses before the entry of the default judgment. And she fails to identify any authority requiring the trial court to consider the merits of her affirmative defenses when determining prejudice in this context.

In her complaint, Lim alleged that Siou fraudulently misrepresented her qualifications to share in commissions, terminated the services of a payroll company without authorization or notice to Lim, and embezzled funds from Lim's business. She also alleged that Siou had stolen payroll and employment records when Lim terminated her employment. In her motions to compel discovery and for sanctions, Lim provided examples of Siou's limited and evasive answers to detailed interrogatories designed to reveal evidence relevant to these allegations, as well as potential witnesses. Substantial evidence supports the trial court's

finding that it was impossible for Lim to prepare for trial when Siou failed to answer such interrogatories or appear for her deposition. Thus, the trial court properly concluded that Siou's discovery violations substantially prejudiced Lim's ability to prepare for trial.

### Consideration of Lesser Sanction

Siou does not contend that the trial court failed to explicitly consider lesser sanctions. Indeed, the record reflects that after imposing monetary sanctions twice, the trial court denied Lim's first motion for default and ordered immediate compliance. It was not until Siou "ignored" four orders, reasserted overruled objections, made apparently false allegations against Lim's attorney, and failed to appear for her deposition that the trial court found that no lesser sanction would suffice. Substantial evidence supports the court's finding. By the time the trial court granted the default, Siou had demonstrated that she would not comply with the court's discovery orders. There was no reason to believe that less harsh sanctions would result in compliance.

In sum, Siou fails to demonstrate any abuse of discretion in the trial court's order granting Lim's motion for default. Cf., Magaña, 167 Wn.2d at 576. (Affirming trial court's decision to strike pleadings and enter $8 million default judgment against defendant in personal injury action based on findings of willful and deliberate discovery violations resulting in substantial prejudice to plaintiff's preparation for trial such that lesser sanctions would not suffice).

8

Default Judgment

Without citation to authority or identification of the applicable standard of review, Siou next challenges the amount of the default judgment, claiming it is incorrect and inequitable.

After entry of default, the defaulting party is deemed to have admitted the allegations of the complaint as to liability. Kaye v. Lowe's HIW, Inc., 158 Wn. App. 320, 326, 242 P.3d 27 (2010). Whether default judgment will be granted is within the trial court's discretion and dependent on the circumstances. Kaye, 158 Wn. App. at 326-27. CR 55(b)(1) allows the trial court to enter a default judgment without findings of fact if the claim is for a sum certain. The rule anticipates a motion for a default judgment accompanied by an affidavit of the amount due.

In support of her motion citing CR 55(b)(1) and seeking a default judgment in the amount of $68,504.23, Lim provided an affidavit describing the total amount of commissions paid to Siou based on her misrepresentations regarding the status of her licenses between 2004 and 2008. In her affidavit, Lim refers to a summary of the commissions and handwritten payroll calculations sheets.[6]

Siou does not argue that the handwritten payroll sheets submitted by Lim do not accurately reflect the total amount of commissions she received between 2004 and 2008. Instead, Siou contends that Lim 1) miscalculated the number of

---

[6] In her reply brief, Siou argues for the first time that CR 55(b)(2) required the trial court to conduct a separate evidentiary hearing on the amount of the judgment because Lim did not request a sum certain, Siou disputed the amount, and Lim's affidavit was "false." An issue "raised and argued for the first time in a reply brief is too late to warrant consideration." Cowiche Canyon, 118 Wn.2d at 809.

commissions requiring a valid license; 2) misstated the dates Siou lacked a valid license; and 3) failed to reduce her claim by the amount of restitution ordered in Siou's criminal case. But Lim alleged in her complaint that she paid Siou commissions between July 2004 and December 2008 based on Siou's representations and omissions regarding the validity of her licenses. After entry of the default order, these allegations are deemed admitted. Siou fails to identify or establish any abuse of discretion in the trial court's acceptance of Lim's sworn affidavit to establish the amount due. Siou also fails to identify any authority requiring reduction of the judgment amount based on a restitution order in a separate criminal proceeding.

We affirm.

WE CONCUR: