This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36513**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MALACHI MOFFITT,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**    Defendant, having led police on a high speed chase in a borrowed vehicle, was convicted of aggravated fleeing from a law enforcement officer, possession of methamphetamine, failure to give immediate notice of an accident, and driver's license not in possession. Defendant contends that the district court erred in denying his motion for a continuance and challenges the sufficiency of the evidence supporting his conviction for driver's license not in possession. We conclude that the district court did

not abuse its discretion in denying Defendant's motion for a continuance but reverse Defendant's conviction for driver's license not in possession.

**BACKGROUND**

**{2}** Defendant's girlfriend, Yolanda Martinez, agreed to let Defendant borrow her Dodge Journey and left the keys inside the center console so that Defendant could pick up the vehicle while she was at work. Defendant apparently found another Dodge Journey in the parking lot and mistakenly opened the door to look for the keys, setting off the vehicle's alarm. Defendant eventually realized that this was not Martinez's vehicle and after locating her Dodge Journey, found the keys inside and drove off. The owner of the original vehicle, however, reported the incident to the police, alleging that someone had broken into her car and stolen money. Not long afterward, a police officer observed a Dodge Journey with the same description as Martinez's vehicle and with a similar license plate. The officer activated his lights and siren and attempted to pull the vehicle over. The driver did not stop and instead led the officer on a chase. At trial, the officer identified Defendant as the driver.

**{3}** During the chase, the officer saw the vehicle pull over briefly and let out a passenger before continuing. The officer was ordered to end his pursuit and shortly thereafter, Defendant lost control of the vehicle, crashed into a telephone pole, and left the scene. While executing a search warrant on the abandoned vehicle, police found methamphetamine, marijuana, and paraphernalia, including syringes and a marijuana pipe.

**{4}** Over the next thirteen months, Defendant's case was assigned to three different public defenders and was set for trial four times. On the morning of trial on May 4, 2017, Molly Kicklighter—Defendant's third public defender—orally requested that the trial be continued. She said that she had about 150 to 160 cases and had only been assigned to Defendant's case one month ago. In addition, Kicklighter stated that just that morning, she had learned that Martinez was at the courthouse to testify in Defendant's case; Kicklighter was acquainted with Martinez through another client with whom Martinez also had a relationship. Kicklighter said she had not investigated Defendant's case "sufficiently to even understand how [Martinez] is involved[.]" Kicklighter also noted that while Martinez's involvement may not present a conflict of interest, Defendant may suspect one given Kicklighter's work on behalf of her other client. Kicklighter candidly represented that she was unprepared for Defendant's trial and would be unable to provide Defendant with competent representation. The State responded that Martinez was named in a police report as the owner of the car involved in the incident and therefore, Defendant's attorney should have known the nature of her involvement. The district court denied the motion to continue without explaining its reasoning.

**{5}** Later that day, after trial had commenced, Kicklighter argued that upon further review of the case, she expected the State to call Martinez to testify that items found in her vehicle, including "methamphetamine and paraphernalia," did not belong to her and

therefore, Kicklighter would have to impeach Martinez. The district court explored Kicklighter's alleged conflict and the following exchange occurred:

District court: [Martinez] is not your client.
Kicklighter: She is not my client.
District court: No . . . attorney-client relationship between you and her.
Kicklighter: Correct. But then I am put in a position where I have to disclose certain things to a different division in regard to another case, potentially at sentencing.
District court: And so what—are—are you, seeking to enlighten me, or—
Kicklighter: Judge, I am informing the court that yes indeed, upon further evaluation of this situation, there is a direct conflict . . . between my existing client, [Defendant], and another client of mine. That conflict comes in where I need to impeach the testimony proposed of Yolanda Martinez, who will, I expect, testify for the State this afternoon. For that reason, judge, I am asking . . . to be relieved of my duties of representation of [Defendant] in this case, which I expect will result in a mistrial.

**{6}** The district court found that Kicklighter had not articulated a conflict of interest, denied her motion to be relieved of representation, and the trial continued. The jury convicted Defendant of aggravated fleeing a law enforcement officer, possession of methamphetamine, failure to give immediate notice of accidents, failure to give written reports of accidents, and driver's license not in possession. The district court vacated Defendant's conviction for failure to give written reports of accidents on double jeopardy grounds.

**DISCUSSION**

**I.    Denial of Continuance**

**{7}** Defendant argues that the district court erred in denying his motion for a continuance. We review the district court's denial of a continuance for an abuse of discretion. *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135 ("The grant or denial of a continuance is within the sound discretion of the trial court, and the burden of establishing abuse of discretion rests with the defendant."). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). It is Defendant's burden to establish an abuse of discretion,

and further, "that the abuse was to the injury of the defendant." *Salazar*, 2007-NMSC-004, ¶ 10 (internal quotation marks and citation omitted).

**{8}** Our Supreme Court articulated seven factors that courts should consider when deciding whether to grant or deny a motion for a continuance:

> the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting the delay, the fault of the movant in causing a need for the delay, and the prejudice to the movant in denying the motion.

*State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. As an initial matter, we reject Defendant's argument that the district court abused its discretion by not considering the *Torres* factors. The district court is not required to set forth the factual basis of its decision, and we will not presume from the absence of findings in the record that the district court did not consider the *Torres* factors when deciding to deny the continuance. *See State v. Gonzales*, 1999-NMCA-027, ¶ 11, 126 N.M. 742, 975 P.2d 355 ("No rule of criminal procedure requires the district court to set forth the factual basis of its decision."); *see also State v. Finnell*, 1984-NMSC-064, ¶ 23, 101 N.M. 732, 688 P.2d 769 ("Abuse of discretion must be shown and will not be presumed.").

**{9}** Applying the *Torres* factors here, we conclude that the district court did not abuse its discretion in denying the motion for a continuance. Kicklighter did not request a specific amount of time for the continuance, and although Defendant argues on appeal that minimal time was needed to review the file and investigate the case, the district court was given no indication that the requested delay would be minimal. *Compare Torres*, 1999-NMSC-010, ¶ 15 (holding that a requested delay of a week or less weighed in favor of continuance), *with State v. Salazar*, 2006-NMCA-066, ¶ 24, 139 N.M. 603, 136 P.3d 1013 (holding that the denial of a continuance was appropriate where the delay was likely at least two months). Similarly, Defendant did not clearly establish what objective he sought to accomplish through a continuance. Kicklighter stated that she had not sufficiently investigated Defendant's case and that Defendant may perceive a conflict of interest, but she did not state what additional investigation was necessary before she would be prepared to proceed or how a continuance would resolve the perceived conflict. *See Salazar*, 2006-NMCA-066, ¶ 25 (denying the defendant's request for a continuance by applying the *Torres* factors and noting that the defendant had "failed to show that additional time would accomplish anything").

**{10}** Defendant's trial had been set four times in thirteen months, though it is not clear from the record why the trial had been reset multiple times and the parties do not provide any explanation in their briefing. *See id.* ¶¶ 24, 26 (noting that the defendant had been granted four continuances and trial had been delayed eight months). As well, the continuance was sought on the morning of trial, and "we presume resetting the trial date on the day trial is supposed to begin is inconvenient for the parties and for the

court." *State v. Gonzales*, 2017-NMCA-080, ¶ 36, 406 P.3d 534; *Salazar*, 2006-NMCA-066, ¶ 26 ("The [s]tate's witnesses had already been subpoenaed for trial and a continuance would have made that a wasted effort."). However, given Kicklighter's unchallenged representation that she had an overwhelming caseload that prevented her from properly investigating and preparing for trial, we find no indication that the continuance was requested for illegitimate motives, nor do we fault counsel for causing the delay. *Salazar*, 2007-NMSC-004, ¶ 21 (holding that the defendant was not at fault for causing the delay when he had "his third defense attorney because of staffing problems at the Public Defender Department"); *see also In re Camino Real Envtl. Ctr., Inc.*, 2010-NMCA-057, ¶ 23, 148 N.M. 776, 242 P.3d 34 ("When reasons both supporting and detracting from a decision exist, there is no abuse of discretion.").

**{11}** Finally, Defendant has not shown that he was prejudiced. *Salazar*, 2007-NMSC-004, ¶ 16 ("In addition to meeting the *Torres* factors, Defendant must show that the denial of the continuance prejudiced him.").

> No more prejudice need be shown than that the trial court's order may have made a potential avenue of defense unavailable to the defendant. We do not ask whether the evidence was critical but, instead, whether the defendant made a plausible showing of how the [evidence to be gathered or developed by additional time] would have been both material and favorable to his defense.

*Id.* (alterations, internal quotation marks, and citations omitted). Defendant argues that he was denied a potential avenue of defense because his attorney failed to explore with Martinez who else may have had access to the car. *See State v. Howl*, 2016-NMCA-084, ¶ 31, 381 P.3d 684 (stating that "the mere presence of the contraband [in a vehicle] is not enough to support an inference of constructive possession if the accused did not have exclusive control over the area searched." (internal quotation marks and citation omitted)). As an initial matter, this avenue of defense relates only to Defendant's possession charge and would not have affected Defendant's felony conviction for aggravated fleeing or his misdemeanor conviction for failure to give immediate notice of an accident. Regardless, Defendant fails to establish that this avenue of defense was foreclosed to him.

**{12}** It is clear from the record that Kicklighter contemplated exploring who had access to the Dodge Journey and the drugs inside during her examination of Martinez. At a conference after opening arguments, Kicklighter stated that she expected Martinez to testify that the methamphetamine and paraphernalia found in the vehicle did not belong to her. Kicklighter went on to state that Martinez was the girlfriend of another client who was living in a clean and sober household, and Martinez had represented that her residence was a safe household. Kicklighter claimed that if she were to argue that the drugs belonged to Martinez and were available to her other client, her other client may be prejudiced. These statements demonstrate that Kicklighter considered that another person may have had access to the vehicle and its contents as an avenue of defense to the possession charge. A continuance would not have changed anything.

**{13}** Moreover, Defendant has not established that had Martinez been impeached, her testimony would have been both material and favorable to his defense. *Torres*, 1999-NMSC-010, ¶¶ 12-13 (holding that the defendant's proffer regarding the specific testimony that a missing witness would have offered was material and favorable to the defense because it was consistent with the theory that another person was driving); *see also Salazar*, 2006-NMCA-066, ¶ 28 (citing *State v. Brazeal*, 1990-NMCA-010, ¶ 26, 109 N.M. 752, 790 P.2d 1033 for the proposition that where continuance is sought to obtain defense witnesses, in order to show prejudice, there must be a showing that the witness was willing to testify and would have given substantially favorable evidence). We will not conclude that an avenue of defense of was made unavailable based only upon speculation that a witness may have provided favorable testimony. *See Salazar*, 2006-NMCA-066, ¶¶ 1-3, 27 (holding that the defendant failed to demonstrate prejudice from being denied a continuance to obtain an evaluation because the prejudice was speculative).

**{14}** Given that Kicklighter acknowledged the avenue of defense before Martinez testified, as well as the possibility that Martinez's testimony may implicate Defendant on the possession charge, her decision to forego questioning Martinez about access to and control of the vehicle may well have been trial strategy and not an omission. *See Lytle v. Johnson*, 2001-NMSC-016, ¶ 47, 130 N.M. 198, 22 P.3d 666 ("The decision whether to call a witness is a matter of trial tactics and strategy within the control of trial counsel." (internal quotation marks and citation omitted)). Although Defendant suggests that Kicklighter was forced to choose between the rights of two clients with a relationship to Martinez, Kicklighter never made clear how her cross examination of Martinez was in fact compromised, and we will not presume without a factual record that an attorney violated her duty to diligently represent Defendant under Rule 16-103 NMRA. For these reasons, we conclude that Defendant has failed to demonstrate prejudice resulting from the district court's denial of his motion for a continuance.

**{15}** We address separately Defendant's argument that he would be denied effective assistance of counsel without a continuance. In *State v. Salazar*, our Supreme Court clarified that "if the motion for a continuance depends on a claim that, absent a continuance, the defendant will have been or will be denied effective assistance of counsel," the defendant must demonstrate to the trial court that a presumption of prejudice exists under the circumstances. 2007-NMSC-004, ¶¶ 24-27. Defendant, however, did not argue or otherwise demonstrate to the district court that prejudice may be presumed in this case. *See Bell v. Cone*, 535 U.S. 685, 695-96 (2002) (identifying three situations implicating the right to counsel where prejudice may be presumed: (1) "complete denial of counsel"; (2) "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) "where counsel is called upon to render assistance under circumstances where competent counsel very likely could not" (internal quotation marks and citations omitted)).

**{16}** "[A]bsent a basis for presuming prejudice, a defendant must establish he or she was denied effective assistance of counsel in order to show on appeal that a motion for a continuance should have been granted." *Salazar*, 2007-NMSC-004, ¶ 25.

A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

Moreover, even if counsel's performance was constitutionally defective, the defendant must still affirmatively prove prejudice. In other words, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Brazeal*, 1990-NMCA-010, ¶¶ 22-23 (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).

**{17}** Defendant has identified no act or omission he claims was defective other than Kicklighter's decision not to impeach Martinez regarding access to the vehicle. For the reasons discussed above, we do not conclude that Kicklighter's performance was anything other than an exercise of reasonable, professional judgment, nor has Defendant argued that but for Kicklighter's alleged error, there is a reasonable probability that the result of the proceeding would have been different. Defendant has not met his burden to establish that he was denied effective assistance of counsel, and detecting no abuse of discretion based upon the *Torres* factors, we affirm the district court's denial of Defendant's motion for a continuance. We note, however, that because Defendant did not raise a separate ineffective assistance of counsel claim in this appeal, he "is free to pursue habeas corpus proceedings where he may actually develop the record with respect to these issues." *State v. Arrendondo*, 2012-NMSC-013, ¶ 44, 278 P.3d 517.

## II. Sufficiency of the Evidence

**{18}** The parties agree that the evidence was insufficient to support Defendant's conviction on the charge of driver's license not in possession, and although we are not bound by the State's concession, having reviewed the record on appeal, we agree that the evidence was insufficient. *See State v. Guerra*, 2012-NMSC-027, ¶ 9, 284 P.3d 1076 (providing that the state's concession of an issue does not bind an appellate court). Accordingly, we reverse Defendant's conviction on that charge.

## CONCLUSION

**{19}** We reverse Defendant's conviction for driver's license not in possession and affirm on all remaining matters. We remand to the district court for resentencing as may be necessary.

**{20} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**RICHARD C. BOSSON, Judge Pro Tempore**