[No. 11450-3-III.   Division Three.   March 23, 1993.]

J-U-B ENGINEERS, INC., *Appellant*, v. RONALD C. ROUTSEN, ET AL, *Respondents*.

---

*Richard Q. Quigley* and *Liebler, Ivey, Larsen, Quigley & Hugill,* for appellant.

*Ronald C. Routson,* pro se.

SHIELDS, C.J. — In this defamation action, J-U-B Engineers, Inc., appeals the denial of its motion for entry of default judgment. J-U-B contends the trial court abused its discretion in refusing to enter judgment pursuant to CR 55(b), and that it erroneously found the defendant's comments absolutely privileged as a matter of law. We disagree with the trial court's reasoning but affirm on other grounds.

J-U-B sued Dr. Ronald Routson[1] for criticisms he made before the Benton County Board of Adjustment in a public

---

[1] J-U-B spelled Dr. Routson's name Routsen, but Dr. Routson spells his name with an "o".

hearing on a zoning change, seeking damages in an unspecified amount. Dr. Routson neither appeared nor answered J-U-B's complaint, so the court granted J-U-B's motion for an order of default. J-U-B then moved the court to enter a default judgment, setting forth the amount of its claim in an affidavit. The court refused to enter judgment, finding Dr. Routson's testimony at the public hearing was absolutely privileged and concluding J-U-B's claim "clearly has no merit". J-U-B moved the court to reconsider, the court denied the motion, and J-U-B now appeals.

■ J-U-B first contends that CR 55(b) requires the court to enter judgment on an order of default; therefore, the court abused its discretion by refusing to enter judgment. J-U-B is partially correct. The court is required under CR 55(b)(1) to enter judgment upon motion and affidavit when the amount due is certain or can by computation be made certain. In this case the amount is uncertain, so CR 55(b)(1) does not apply.

■ The court, however, did not base its denial of J-U-B's motion on the procedural requirements of CR 55(b). The court's memorandum opinion offered the following reason for refusing to enter judgment:

> Testimony given before judicial, legislative and administrative bodies is absolutely privileged.
> This court cannot grant a judgment, even by default, when it clearly has no merit.

(Citations omitted.) For all practical purposes, the court sua sponte raised a defense for Dr. Routson under CR 12(b)(6): namely, that J-U-B's complaint did not state a claim because Dr. Routson's testimony was absolutely privileged as a matter of law. In this the court erred, for it is the defendant (Dr. Routson) who should raise the issue, not the court. CR 12(b)(6).

■ Nonetheless, we may sustain a trial court result on any correct ground, even though that ground was not considered by the trial court. *Nast v. Michels*, 107 Wn.2d 300, 308, 730 P.2d 54 (1986). Here, since the amount of its claim is uncertain, J-U-B was not entitled to entry of a default judgment upon motion and affidavit. Consequently, we affirm the

court's refusal to enter judgment, but this does not necessarily end the case.

J-U-B may request a hearing under CR 55(b)(2), which provides:

> As limited in rule 54(c), judgment after default may be entered as follows, . . .
>
> . . . .
>
> (2) *When Amount Uncertain.* If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as are deemed necessary or, when required by statute, shall have such matters resolved by a jury. Findings of fact and conclusions of law are required under this subsection.

J-U-B, in its amended complaint, did not request a specific amount; it requested damages to be proved and determined at trial. CR 54(c) limits a judgment by default to the amount prayed for in the complaint.[2] Since the complaint did not specify an amount, the court may take evidence at a CR 55(b)(2) hearing to establish J-U-B's allegations and its damages, if any. As things stand, notice of this hearing need not be given to Dr. Routson. *Conner v. Universal Utils.*, 105 Wn.2d 168, 173-74, 712 P.2d 849 (1986).

Dr. Routson, having suffered only a default at this point, can move to set aside the order of default pursuant to CR 55(c)(1) for the purpose of presenting a defense of qualified privilege. This will reentitle him to notice.[3] *See Canam Hambro Sys., Inc. v. Horbach*, 33 Wn. App. 452, 655 P.2d 1182 (1982).

---

[2]The effect of this limitation on an open-ended prayer in an action other than for personal injury is unclear. As the parties have not briefed the issue, we will not address it here. However, we note that in light of RCW 4.28.360 and cases such as *Conner v. Universal Utils.*, 105 Wn.2d 168, 712 P.2d 849 (1986) and *Allison v. Boondock's, Sundecker's & Greenthumb's, Inc.*, 36 Wn. App. 280, 673 P.2d 634 (1983), *review granted*, 101 Wn.2d 1001, *review dismissed*, 103 Wn.2d 1024 (1984), a defaulting defendant bears the risk of surprise at the size of a default judgment.

[3]Because a default judgment has not been entered, CR 60(b) does not apply. CR 55(c)(1).

J-U-B's remaining assertions of error consist of conclusory statements without support. In the absence of argument and citation of authority, we will not consider these issues. *Transamerica Ins. Group v. United Pac. Ins. Co.*, 92 Wn.2d 21, 29, 593 P.2d 156 (1979). *Accord, State v. Wood*, 89 Wn.2d 97, 99, 569 P.2d 1148 (1977).

We affirm the denial of default judgment for the reasons stated herein.

MUNSON and SWEENEY, JJ., concur.