952 P.2d 192 (1998)
Stanley J. TROHIMOVICH, Appellant,
v.
STATE of Washington, an Enterprise; Office of Governor, an Enterprise; Office of Attorney General, an Enterprise; and Department of Revenue, an Enterprise, Respondents.
No. 20446-1-II.
Court of Appeals of Washington, Division 2.
February 6, 1998.
Publication Ordered March 13, 1998.
*193 Stanley J. Trohimovich, Aberdeen, Pro Se.
John S. Barnes, Asst. Atty. Gen., Olympia, for Respondents.
BRIDGEWATER, Acting Chief Judge.
The Department of Revenue revoked Stanley J. Trohimovich's business license after he failed to pay over $20,000 in taxes. Trohimovich filed a complaint in superior court petitioning for review of the Department's revocation order and alleging criminal misconduct on the part of the State. He appeals the trial court's grant of summary judgment in favor of the State on the criminal misconduct claims, and the trial court's dismissal of his petition for review as untimely. We affirm.
All issues raised by Trohimovich are meritless:
1. The petition for review was untimely. There is superior court review under the Administrative Procedure Act when all procedural requirements are met. RCW 34.05.514, .530, .534. The petition for review must be filed with the court and served on the agency, the Office of the Attorney General, and all parties of record within 30 days after service of the final agency order in order for the superior court to obtain appellate jurisdiction. RCW 34.05.542(2); Union Bay Preservation Coalition v. Cosmos Dev. & Admin. Corp., 127 Wash.2d 614, 617-18, 902 P.2d 1247 (1995); City of Seattle v. Public Employment Relations Comm. (PERC), 116 Wash.2d 923, 926-27, 809 P.2d 1377 (1991). Trohimovich petitioned a timely motion for reconsideration on August 8, 1990, which tolled the 30-day period for filing a petition for review in superior court. RCW 34.05.470. The motion for reconsideration was deemed to have been denied on August 28 because the Department did not, within 20 days from the date the petition was filed, either dispose of the petition or serve the parties with a written notice that it would act on the petition. RCW 34.05.470. Consequently, the 30-day period for filing a petition for review commenced August 28, when the motion for reconsideration was deemed to have been denied, and ended September 27. The petition for review was untimely because Trohimovich filed his petition with Grays Harbor County Superior Court on September 28 and served the Department with a summons and copy of the complaint on October 1. Thus, the superior court never obtained appellate jurisdiction over the appeal. Nor can Trohimovich claim substantial compliance. Substantial compliance with a statutory time limit is impossible. PERC, 116 Wash.2d at 928, 809 P.2d 1377.
2. There was no error when the court denied the June 10, 1991, motion for default judgment based on Trohimovich's claim that the Department failed to timely transmit the agency record to superior court within 30 days, as required by RCW 34.05.566. A default judgment in favor of Trohimovich would have been improper because the Department filed its answer on April 16 and its summary judgment motion on May 9, and because the trial court heard oral argument regarding the summary judgment motions the day Trohimovich filed the default judgment motion, June 10. Further, RCW 34.05.570(4)(b) provides a proper remedy *194 for the Department's failure to timely transmit the agency record to superior court.
3. There was no genuine issue of material fact regarding whether the State has engaged in extortion, racketeering, mail fraud, trafficking in stolen property, or criminal profiteering. We use the tests set forth in Marincovich v. Tarabochia, 114 Wash.2d 271, 274, 787 P.2d 562 (1990), and Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982). Trohimovich presents absolutely no facts showing a genuine issue for trial, as required by CR 56(e), but rests upon the mere allegations contained in his pleadings and briefs and on his personal belief that the Department does not have authority to collect certain taxes. Thus, dismissal of these claims on summary judgment was appropriate. In addition, his position that the Assistant Attorney General represented only the Department is refuted by the June 17, 1993, notice of substitution of counsel, which clearly indicates that the Assistant Attorney General represented all departments of the State named in the action. Trohimovich cites no authority (a) that the notice of substitution of counsel was insufficient to adequately notify him that the Assistant Attorney General represented the State in all capacities pertaining to the action; (b) that the same Assistant Attorney General cannot represent various departments of the State simultaneously; or (c) that the trial court cannot grant relief to an unrepresented party. Failure to cite relevant authority precludes appellate review of these issues. RAP 10.3(a)(5).
4. The trial court did not abuse its discretion when it imposed sanctions for a frivolous action under CR 11. Using the test established in In re Guardianship of Lasky, 54 Wash.App. 841, 852, 776 P.2d 695 (1989) (citing Cooper v. Viking. Ventures, 53 Wash.App. 739, 742, 770 P.2d 659 (1989)), we review a trial court's imposition of CR 11 sanctions for an abuse of discretion. Trohimovich signed the original and amended complaints. The trial court deemed the claims to be frivolous and imposed terms against him in the amount of $3,500. The trial court specifically found that "the allegations contained in plaintiff's complaint are serious," that the complaint was "[a]dvanced without factual support," and that the complaint "is outrageous and subjects these public officials to unfair criticism, ridicule, and skepticism." The allegations of criminal conduct asserted by Trohimovich were not well-grounded in fact and were not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. The trial court did not abuse its discretion when it imposed sanctions against Trohimovich.
5. Trohimovich challenges this court's jurisdiction based upon 4 U.S.C. § 101 and § 102 (1947). Federal law requires state legislators, executives, and judicial officers to take an oath, swearing or affirming to support the Constitution of the United States. 4 U.S.C. § 101. State law requires state officers and judges to take an oath, swearing or affirming to support the Constitution of the United States and the Constitution of the State of Washington. RCW 2.06.085; RCW 43.01.020. Trohimovich claims that the Court of Appeals was not properly created because the oath required by state law is separate and apart from the oath required by 4 U.S.C. § 101. This claim is meritless. The oath to support the United States Constitution is contained within the State oath of office. Trohimovich fails to show that the oaths of office are improper or invalid. This court was properly created and has jurisdiction to hear the case.
6. Trohimovich's remaining contentions are meritless. He provides no discernible argument, no citation to relevant legal authority, or no reference to the record on all remaining issues. RAP 10.3(a)(5). "In the absence of argument and citation to authority, we will not consider these issues." J-U-B Eng'rs, Inc. v. Routsen, 69 Wash.App. 148, 152, 848 P.2d 733 (1993).
Affirmed.
SEINFELD and HUNT, JJ., concur.