# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JAMES GOUGHNOUR,<br><br>         Appellant,<br><br>   v.<br><br>MARK C. DOYLE, SR. and CAROLYN L. DOYLE, husband and wife, and their community property interest; JOHN DOES 1 through 10, JANE DOES 1 through 10, XYZ entities 1 through 10,<br><br>         Respondents. | No. 47407-7-II<br><br>UNPUBLISHED OPINION |

BJORGEN, C.J. — James Goughnour appeals the trial court's denial of his motion for default judgment and its dismissal of his claims arising from alleged overpayment of rent to Mark and Carolyn Doyle. He argues that the trial court erred by (1) ruling that our holdings in a previous opinion controlled Goughnour's claims in this case, (2) raising affirmative defenses on behalf of defaulted defendants, (3) denying default judgment when it had entered a default order and Goughnour sought damages in a sum certain, and (4) interpreting the contract in a manner at odds with extrinsic facts alleged in the complaint and at odds with Goughnour's proposed interpretation.

We hold that the trial court (1) erred in determining that its interpretation of the parties' lease agreement was controlled by our unpublished decision in the related but separate case of *Doyle v. Goughnour* (*Doyle* I), noted at 167 Wn. App. 1018, 2012 WL 950091, and (2) erred to the extent it effectively raised affirmative defenses on the Doyles' behalf. We also hold that (3) Goughnour did not seek damages in a sum certain, and (4) the trial court erred by interpreting the

2009 agreement without considering Goughnour's factual allegations, but was not required to accept Goughnour's interpretation of the agreements. Accordingly, we reverse the trial court's denial of Goughnour's motion for default judgment and its dismissal of Goughnour's claims, and we remand for reconsideration of the motion for default judgment.

FACTS

In May 2009, the parties entered into a rental agreement under which Goughnour would pay Doyle $1,000 a month, with the caveat that "[r]ent will never exceed Landlord's mortgage payment for the property tenant occupies." Clerk's Papers (CP) at 14. Goughnour alleges that he paid rent under this contract.

In March 2010, Goughnour discovered that the Doyles had not been making mortgage payments. Goughnour believed that because the Doyles had not made the payments, the rent he had paid constituted an overpayment. Goughnour debited one month's rent payment from this claimed overpayment amount without objection from the Doyles.

In April 2010, the parties signed a new agreement under which Goughnour would pay $800 a month in rent. This agreement included language expressly superseding the 2009 agreement. Other than the debited payment preceding the 2010 agreement, the Doyles never compensated Goughnour for his alleged overpayments. Goughnour paid the lower monthly rent instead of debiting it to let the Doyles "get back on their financial feet." CP at 4.

In September 2010 the Doyles asked Goughnour to vacate the property, and Goughnour responded by demanding the remaining the claimed overpaid rent. Subsequently, the Doyles filed an unlawful detainer action against Goughnour based on a termination-without-cause clause of the 2010 agreement. Goughnour raised counterclaims based on the Doyles' retention of his

alleged overpayment amounts, but the trial court dismissed those counterclaims without prejudice because they were outside its subject matter jurisdiction in an unlawful detainer action. *Doyle* I, 167 Wn. App. 1018.

The trial court granted the Doyles a writ of restitution in November 2010. Goughnour appealed and we affirmed the trial court. RP at 3; *Doyle* I, 167 Wn. App. 1018. Goughnour later appealed the trial court's award of attorney fees and costs, and we reversed in part. *Doyle v. Goughnour* (*Doyle* II), noted at 186 Wn. App. 1029, 2015 WL 1228645, *review denied*, 183 Wn.2d 1022 (2015) (unpublished opinion).

Goughnour filed this action in October 2013 claiming damages for breach of contract, obtaining money under false pretense, breach of fiduciary duty, conspiracy, breaching right to peaceful enjoyment of the subject property, and fraud under the Consumer Protection Act, chapter 19.86 RCW. In his complaint, Goughnour asked for damages "in excess of" $85,000, with the specific amount to be determined at trial. CP at 9-10.

The Doyles did not appear, and the trial court granted Goughnour's motion for a default order. Goughnour subsequently moved for entry of a default judgment. In his motion for default judgment, he requested damages in the amount of $85,000.00 plus litigation-related costs of $387.80, resulting in a total requested judgment of $85,387.80. The trial court refused to grant default judgment, reasoning that:

> [F]or me now to go back before [the 2010 agreement], and start awarding damages to you for some supposed agreements that you had on this kind of complex, unique situation that you're arguing, I don't feel comfortable. And I'm not going to do it.

Report of Proceedings (RP) at 9. It then dismissed Goughnour's claims on its own motion.

No. 47407-7-II

Goughnour appeals the trial court's denial of his motion for default judgment and its dismissal of his claims. A commissioner of our court initiated a motion on the merits and affirmed the trial court. Ruling Granting Motion on the Merits to Affirm, *Goughnour v. Doyle*, No. 47407-7-II (Wash. Ct. App. Jan. 8, 2016). Goughnour moved to modify the commissioner's ruling, and we granted the motion. Order Granting Motion to Modify, *Goughnour v. Doyle*, No. 47407-7-II (Wash. Ct. App. Mar. 10, 2015).

ANALYSIS

Goughnour argues that the trial court erred by denying his motion for default judgment and by dismissing his claims because it (1) treated legal conclusions in *Doyle* I as controlling under the law of the case doctrine, even though the issues presented were different, (2) effectively raised affirmative defenses on the Doyles' behalf, (3) did not grant his motion seeking default judgment in a sum certain, and (4) did not consider the facts alleged in his complaint or defer to his interpretation of the 2009 agreement.

Because the issues raised by this appeal may be resolved by application of court rules and other law to uncontested facts, our review is de novo. *Dan's Trucking, Inc. v. Kerr Contractors, Inc.*, 183 Wn. App. 133, 139, 332 P.3d 1154 (2014). We hold that the trial court erred in its use of *Doyle* I and in dismissing Goughnour's claims on the basis of issues the Doyles were required to raise as affirmative defenses, but disagree that Goughnour sought a sum certain and that Goughnour's interpretation of the 2009 agreement was entitled to deference.

4

## I. LAW OF THE CASE

Goughnour claims that the trial court erred in ruling that it was bound under our opinion in *Doyle* I to rule that the 2010 agreement superseded the 2009 agreement and operated to extinguish any claims arising under it. We agree.

The law of the case doctrine applies to successive proceedings in the same case. *Lodis v. Corbis Holdings, Inc.*, 192 Wn. App. 30, 55, 366 P.3d 1246 (2015), *review denied*, 185 Wn.2d 1038 (2016). Under the doctrine, the parties may not re-litigate on remand issues decided by a higher court in the same case. *Id*. at 56. The doctrine "'is intended to afford a measure of finality to litigated issues.'" *Id*. (emphasis omitted) (quoting *In re Pooled Advocate Tr.*, 813 N.W.2d 130, 139 (S.D. 2012)). Thus, the doctrine applies where both "the facts and the questions of law presented are substantially the same" as those considered by the appellate court in the earlier appeal. *Id*. at 54.

In *Doyle* I, we stated:

> The April 15, 2010 rental agreement explicitly states that it supersedes all previous agreements, including the May 12, 2009 agreement. . . . Further, not only does the April 15, 2010 agreement state that it supersedes all prior agreements but it states that Goughnour's obligation to pay rent commenced on May 1, 2010. Noticeably absent is any mention of advance rent payments.

167 Wn. App. at *4.

The trial court appeared to believe that in light of this language it was bound by the law of the case doctrine to rule that the 2010 agreement superseded the 2009 agreement and extinguished any claims arising from overpaid rent under the 2009 agreement:

> I just don't feel comfortable considering the history at the Court of Appeals and the way the Court of Appeals' decision is read to now open up -- especially with the default situation, to open this up for some sort of determination that I can go back to the agreements or discussions prior to April 15th, 2010, which was pretty

straightforward. . . . I'm not going to go back before 2010 and start trying to calculate some way to award you damages for what, specifically and expressly as the Court of Appeals said, was the new agreement superseded the prior agreements. And I'm not going to — I can't go against what the Court of Appeals agrees and states because they're a higher court than I am as far as decision making on this; so that's my ruling for today.

RP at 8-9.

However, the trial court in the litigation leading to *Doyle* I dismissed without prejudice Goughnour's claims related to overpayment of rent under the 2009 agreement. Accordingly, we recognized in *Doyle* I that "[t]he only issue then before the trial court was whether the Doyles could show that Goughnour was unlawfully detaining their property." 167 Wn. App. at *4. Our discussion in that opinion of whether the 2010 agreement superseded the 2009 agreement related specifically to the terms governing termination of Goughnour's tenancy and should not be read more generally to apply to issues we did not consider on appeal and which the trial court had not considered. We do not hold that 2010 agreement *did not* supersede the 2009 agreement for all purposes; we merely note that neither we nor the trial court has yet addressed that issue. Goughnour has not yet had his day in court on his claims related to the alleged overpayment of rent. Therefore, the trial court erred to the extent it ruled that it was bound by the law of the case doctrine to rule that the 2010 agreement superseded the 2009 agreement generally and extinguished Goughnour's claims.

## II. AFFIRMATIVE DEFENSES

Goughnour argues that the trial court erred by effectively raising affirmative defenses on the Doyles' behalf. We agree.

When determining whether a plaintiff is entitled to a default judgment, a trial court must refrain from raising defenses on behalf of the absent party. *See J-U-B Eng'rs, Inc. v. Routsen*,

69 Wn. App. 148, 150, 848 P.2d 733 (1993). Under CR 8(c), such issues include "accord and satisfaction, . . . estoppel, . . . fraud, . . . release, res judicata, . . . waiver, and any other matter constituting an avoidance or affirmative defense."

To the extent the trial court did not rely on the law of the case doctrine to determine that the 2010 agreement superseded and extinguished claims arising under the 2009 agreement, it appears to have effectively considered the issues of preclusion, accord and satisfaction, and/or the waiver of claims. In considering *Doyle* I dispositive of the interpretive issues Goughnour raises, the trial court effectively ruled that Goughnour was collaterally estopped or barred under the doctrine of res judicata from raising those issues in a separate, subsequent action. By ruling that the 2010 agreement extinguished Goughnour's claims arising from the 2009 agreement, it arguably ruled that the 2010 agreement operated as an accord and satisfaction or waiver of those claims. However, such issues are properly raised as affirmative defenses. CR 8(c).

By considering these matters in denying Goughnour's motion for default judgment, the trial court erred.

### III. SUM CERTAIN

Goughnour argues that the trial court was bound to enter default judgment in the amount he sought because it had entered a default order and Goughnour sought damages in a sum certain. We disagree that Goughnour requested damages in a sum certain for purposes of a default judgment.

When a defendant fails to appear, answer, or otherwise defend against the complaint, the plaintiff may move for a default order. CR 55(a)(1). After entry of such an order,

> [w]hen the claim . . . is for a sum certain or for a sum which can by computation be
> made certain, the court upon motion and affidavit of the amount due shall enter

7

judgmsnt for that amount and costs against the party in default, if he is not an infant or incompetent person.

CR 55(b)(1).  However, if

it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as are deemed necessary or, when required by statute, shall have such matters resolved by a jury.

CR 55(b)(2).  Following these evidentiary proceedings, the trial court must make findings of fact and conclusions of law as to the amount of damages to which the plaintiff is entitled before entering default judgment.  CR 55(b)(2).

Requested damages do not qualify as a "sum certain" for purposes of CR 55 simply because a plaintiff includes a number in his complaint.  Instead,

[w]here the cause of action is such that a plaintiff, if entitled to recover at all, is entitled to recover a fixed or liquidated amount, or where the amount of his damages is ascertainable by mere calculation, defendant's default admits plaintiff's right to recover the sum demanded in the complaint which may be entered therefor without further proof, but, where the action is for an unliquidated amount, a default admits only plaintiff's right to recover something but does not admit the amount to which he is entitled; this must be established by proof.

*Skidmore v. Pac. Creditors*, *Inc*., 18 Wn.2d 157, 162, 138 P.2d 664 (1943).

In his complaint, Goughnour prayed for "actual, consequential, and incidental damages as shown at time of trial in excess of [$85,000], exclusive of interest."  CP at 9-10.  By the express language of this request, Goughnour sought damages in an amount to be proved and determined at trial.  Yet in moving for default judgment he transformed this request into one for $85,000 exactly, plus costs associated with this litigation.  This request for the minimum amount asked for in the complaint did not transform his request for damages to be proven at trial into a request for a sum certain.  The trial court, therefore, was not bound to enter default judgment in

the amount Goughnour sought and was instead required to engage in fact finding to determine the proper amount of damages, if any.

## IV. CONTRACT INTERPRETATION

Goughnour argues that the trial court erred by failing to defer to his interpretation of the 2009 agreement. We disagree.

Once a trial court enters an order of default, it treats all factual allegations in the plaintiff's complaint as admitted by the defaulting defendant. *Kaye v. Lowe's HIW, Inc.*, 158 Wn. App. 320, 326, 242 P.3d 27 (2010). However, this does not necessarily mean that the trial court must enter a default judgment against the defaulting defendant, since a defaulting party admits only allegations of fact and not associated conclusions of law. *Id.*; *see also Hanson Indus. Inc. v. Kutschkau*, 158 Wn. App. 278, 287, 239 P.3d 367 (2010) (noting that for judgment on the pleadings, a court only assumes the truth of well-pled factual allegations, not legal conclusions or nonfactual statements). Thus, "'even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action.'" *Kaye*, 158 Wn. App. at 326 (quoting *Kelley v. Carr*, 567 F. Supp. 831, 840 (W.D. Mich. 1983)).

Where a legal conclusion is mislabeled as an issue of fact, we consider it an issue of law. *Casterline v. Roberts*, 168 Wn. App. 376, 383, 284 P.3d 743 (2012). Matters of fact are those concerning "'whether . . . something occurred or existed.'" *Id.* at 382 (quoting *Moulden & Sons, Inc. v. Osaka Landscaping & Nursery, Inc.*, 21 Wn. App. 194, 197, 584 P.2d 968 (1978)). Matters of law are those requiring application of "'a process of legal reasoning from facts.'" *Id.* at 382-83 (quoting *State v. Niedergang*, 43 Wn. App. 656, 658-59, 719 P.2d 576 (1986)).

According to Goughnour, the trial court was bound to accept his interpretation of the 2009 agreement as a matter of fact. However, contract interpretation is a matter of law, not fact, when extrinsic evidence is unnecessary to ascertain the meaning of the language used. *Viking Bank v. Firgrove Commons 3, LLC*, 183 Wn. App. 706, 711, 334 P.3d 116 (2014). Extrinsic facts are used only to determine the meaning of *specific words and terms used* and not to show an intention independent of the instrument or to vary contradict or modify the written word. *Id.* at 713. Therefore, the trial court was not bound to accept Goughnour's interpretation of the contract, but it was required to accept his allegations as they related to extrinsic evidence of the meaning of ambiguous terms.

"If a contract provision's meaning is uncertain or is subject to two or more reasonable interpretations after analyzing the language and considering extrinsic evidence (if appropriate), the provision is ambiguous." *Id.* The only ambiguity Goughnour identifies concerns the meaning of "mortgage payment" for purposes of establishing the ceiling on his rent obligation under the 2009 agreement. Br. of Appellant at 13-16. The trial court appears not to have considered this term ambiguous, as shown by the following commentary:

> I think the way I would interpret that if that was, in fact, the agreement would be that whatever — it wouldn't exceed what the mortgage payment, you know, listed in the mortgage is supposed to be. I don't believe that the correct interpretation would be that if he missed a mortgage payment because he was financially stressed, that would mean you have to pay him no rent. I mean, that would kind of assure his demise. If the person renting his property — if he misses a payment to the bank, you know, planning to make it up later or he's short for a month or two, that that would say that — I think your argument would be that then I don't have to pay any rent for this property. And I've never heard of something like that. That doesn't sound logical or something that I could reasonably infer from your allegations in there.

10

RP at 7. The trial court's analysis is reasonable and should play a role in the issue's ultimate resolution. However, it is also reasonable to believe that the phrase "mortgage payments" could refer to either "mortgage obligations" or "payments made for mortgage obligations." Goughnour's complaint and incorporated affidavit alleged that the parties intended the latter meaning. The trial court should have interpreted the phrase in the context of these factual allegations, which the Doyles admitted by default.

We hold that the trial court did not err by declining to accept Goughnour's proposed interpretation of the 2009 agreement as a matter of fact. However, to the extent the trial court ruled that the phrase "mortgage payment" was unambiguous and refused to consider extrinsic facts in construing its meaning, it erred as a matter of law. In interpreting the phrase, the trial court should have considered Goughnour's factual allegations indicating that the parties intended the phrase to mean "payments made for mortgage obligations."

CONCLUSION

The trial court erred by denying Goughnour's motion for default judgment and dismissing his claims because (1) aside from the terms governing termination of Goughnour's tenancy, the 2010 agreement did not supersede the 2009 agreement under the law of the case doctrine, and (2) the trial court could not consider affirmative defenses like preclusion or accord and satisfaction in the Doyle's absence. In addition, the trial court erred to the extent it interpreted the 2009 agreement without considering Goughnour's factual allegations. However, Goughnour did not seek damages in a sum certain, and the trial court was not bound to accept his interpretation of the agreements as a matter of law. We reverse the trial court's denial of Goughnour's motion for default judgment and its dismissal of Goughnour's claims. We remand

11

No. 47407-7-II

for reconsideration of his motion for default judgment consistently with this opinion. On reconsideration, the trial court shall conduct fact finding authorized by CR 55(b)(2) as needed to comply with this opinion, including determination of the amount, if any, of damages.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

We concur:

Johanson, J.

Sutton, J.