IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Detention of: | ) | No. 38509-4-III |
| | ) | |
| D.V.B. | ) | UNPUBLISHED OPINION |
| | ) | |

PENNELL, J. — D.B. appeals a 180-day civil commitment order. We affirm.

FACTS

D.B. is diagnosed with schizoaffective disorder, bipolar type, and suffers from hallucinations and paranoia. In 2018, the State charged D.B. with first degree assault after he confessed to striking a teenage boy several times, causing injuries that required stitches. After multiple unsuccessful rounds of competency restoration, the superior court concluded D.B. was incompetent and ordered a civil commitment evaluation. Eastern State Hospital petitioned the court to commit D.B. for 180 days of hospitalization on two independent grounds: (1) he was gravely disabled, and (2) he had committed acts constituting a felony and, due to a behavioral health disorder, was substantially likely to repeat similar acts.

At the superior court's hearing on the petition, the teenage victim and the investigating detective testified. D.B.'s treating psychiatrist and an evaluating

psychologist testified that D.B. was likely to reoffend due to his disorder and that, if left

to his own devices, he would be unlikely to take necessary medications. The superior

court granted the petition, holding that the State had met its burden on both grounds for

commitment. But the court also held the State failed to show a less restrictive alternative

(LRA) was not in D.B.'s best interest.

D.B. appeals.

ANALYSIS

D.B. contends that his 180-day commitment was erroneous because the State

provided insufficient evidence he was gravely disabled.[1] The State disagrees with this

assessment and also points out the superior court had an independent ground for its

commitment order. Because D.B. did not challenge one of the court's bases for the

commitment order, the State argues that D.B.'s appeal must be denied, regardless of the

merits of his claims regarding the finding of grave disability. We agree with the State.

The State has the burden of proving grounds for involuntary civil commitment by

"clear, cogent and convincing evidence." *In re Det. of LaBelle*, 107 Wn.2d 196, 209,

728 P.2d 138 (1986). We will not disturb the superior court's commitment order if it was

supported by substantial evidence that the court could reasonably have found to be clear,

---

[1] "Gravely disabled" is a legal term of art. *See* RCW 71.05.020(24).

cogent, and convincing. *In re Det. of L.N.*, 20 Wn. App. 2d 751, 754, 506 P.3d 720 (2022). When there are alternate grounds for commitment, sufficient evidence supports the trial court's order so long as one of the grounds was supported by clear, cogent, and convincing evidence. *See id*. at 753 n.1.

Here, one basis for the trial court's order was its conclusion that D.B. had committed acts constituting second degree assault and, due to a behavioral health disorder, he was likely to repeat similar acts. RCW 71.05.280(3) authorizes the commitment of a person whose criminal charges have been dismissed on the basis of incompetency, if the person has "committed acts constituting a felony, and as a result of a behavioral health disorder, presents a substantial likelihood of repeating similar acts." Such commitments are limited to 180 days. RCW 71.05.320(1)(c).

While D.B. assigns error to his commitment under RCW 71.05.280(3), he has not supported this challenge with any argument or authority. The analysis in D.B.'s brief only concerns the finding of grave disability.

This court limits its consideration of assigned errors to ones that are accompanied by argument. *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 692-93, 15 P.3d 115 (2000) (citing former RAP 10.3(a)(5) (1998) and RAP 12.1(a)); *see also Trohimovich v. State*, 90 Wn. App. 554, 559, 952 P.2d 192 (1998) (noting that the court

No. 38509-4-III
*In re Det. of D.V.B.*

will not consider assignments of error not supported by argument or authority).

Because D.B. does not provide argument regarding the court's order pursuant to

RCW 71.05.280(3) and because that statute provides full justification for the court's

order, we decline review. *See Holder v. City of Vancouver*, 136 Wn. App. 104, 107,

147 P.3d 641 (2006).

## CONCLUSION

The order of commitment must be affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

4